# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUDITH MARCHAN-DAVILA, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE FOSTER FIRM, LLC,<br>KEITH FOSTER, individually, and<br>ARNICE HALL FOSTER, individually,<br><br>Defendants. | CIVIL ACTION NO. :<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Judith Marchan-Davila, individually and on behalf of all similarly situated persons, files this Complaint against Defendants The Foster Firm, LLC, Keith Foster, individually, and Arnice Hall Foster, individually, and allege as follows:

## INTRODUCTION

1. The Foster Firm, owned by Keith Foster and Arnice Hall Foster, is a personal injury law firm in College Park, Georgia. Defendants hired Plaintiff to work for the firm as a medical records coordinator and paralegal. During Plaintiff's employment, Plaintiff regularly worked overtime but she was not paid for all the hours that she worked.

2. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid overtime wages owed to her and those similarly situated who elect to opt-in to this action pursuant to the FLSA § 201 *et seq.*, and specifically the collective action provision of § 216(b), to remedy Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## PARTIES

5. Plaintiff is a resident of Georgia.

6. Plaintiff has consented in writing to be a plaintiff in this action and all executed a Consent to Join form, attached as Exhibit A.

7. Defendant The Foster Firm is a Georgia corporation, with its principal place of business at One Crowne Center, 1895 Phoenix Boulevard, Suite 110, College Park, GA 30349.

8. At all times relevant to this Complaint, The Foster Firm has engaged in

interstate commerce under the FLSA, 29 U.S.C. § 203(s).

9. The Foster Firm's has annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

10. At all relevant times, Defendant Keith Foster and Defendant Arnice Foster were the owners of the firm and primary decision makers for the Foster Firm.

11. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12. At all relevant times, The Foster Firm was Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

13. As the owners of The Foster Firm, Defendants Keith Foster and Arnice Foster are responsible for the overall management of the firm, including the payroll system, benefits, and general administration. Defendant Arnice Foster is the registered agent for Defendant The Foster Firm.

14. At all relevant times, Defendants Keith Foster and Arnice Foster were individually liable employers under FLSA, 29 U.S.C. § 203(d) and employed the Plaintiff and other paralegals under 29 U.S.C. § 203(g), because they exercised the authority to hire and fire employees, determined the manner in which employees were compensated, set the rates of pay of employees, and/or controlled the finances

and day-to-day management operations of The Foster Firm.

15. Defendant Keith Foster can be served at One Crowne Center, 1895 Phoenix Boulevard, Suite 110, College Park, GA 30349.

16. Defendant Arnice Foster can be served at One Crowne Center, 1895 Phoenix Boulevard, Suite 110, College Park, GA 30349.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

17. Plaintiff began her employment with Defendants as a medical records coordinator. However, she performed the job duties as a paralegal. In June 2020, Plaintiff was promoted to a paralegal and continued to perform the same job duties.

18. At all times during her employment, Plaintiff was a non-exempt employee of Defendants.

19. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

20. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Keith Foster and Defendant Arnice Foster Are Individually Liable for the FLSA Violations.**

21. At all relevant times, Defendant Keith Foster and Arnice Foster were the owner, general manager, and/or primary decision maker for The Foster Firm; had control and direction over workplace conditions, operations, personnel, and

compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

22. At all relevant times, Defendant Keith Foster and Arnice Foster, as an owner, general manager, and/or primary decision maker for The Foster Firm, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

23. At all relevant times, Defendant Keith Foster and Arnice Foster exercised sufficient control over Plaintiff to cause Defendant Lance to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

24. Defendants hired Plaintiff on approximately June 3, 2019.

25. Plaintiff's employment with Defendants ended on October 1, 2020.

26. Plaintiff was employed as a medical records coordinator and paralegal.

27. Plaintiff's job duties included, but were not limited to, the following non-exempt tasks during the three year statute of limitations period: preparing medical record requests, obtaining medical releases from the firm's clients, drafting demand letters for attorney review and approval, preparing open record requests and letters of representation, obtaining police reports, opening and organizing the

firm's mail, speaking with insurance adjustors with direction and approval needed by attorneys, returning phone calls, inputting information into Abacus software, and updating information in case status system, among other non-exempt tasks.

28. Plaintiff was individually engaged in interstate commerce as a paralegal working for Defendants within the meaning of the FLSA because, *inter alia,* Plaintiff regularly worked on cases for Defendants' law firm that involved interstate insurance policies, and communicated via telephone and/or electronically with individuals outside of Georgia for Defendants' cases.

29. In performing job duties for Defendants, Plaintiff did not perform executive functions or have any duties managing any aspect of Defendants' operations.

30. In performing job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

31. In performing job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

32. In performing job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

33. Plaintiff's job duties did not include primary work that requires

knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

34. Based on information and belief, Defendants have failed to maintain contemporaneous or accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated non-exempt paralegals in Defendants' law firm as required by the FLSA. 29 C.F.R. 516(a)(7).

35. At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of forty (40) hours per week by Plaintiff and other similarly situated nonexempt paralegals in Defendants' law firm, however variously titled, but Defendants have willfully failed to compensate Plaintiff and similarly situated paralegals for all of their actual overtime hours.

### Plaintiff's Unpaid Overtime.

36. Defendant paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

37. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

38. While Plaintiff's schedule varied, she regularly worked in excess of 40 hours per workweek.

39. Defendants willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

**Collective Action Facts**

40. For purposes of the FLSA, Plaintiff brings this action on behalf of herself and similarly situated current and former employees of The Foster Firm who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

41. Plaintiff brings this suit on behalf of the following similarly situated persons:

<u>All current and former paralegals of The Foster Firm within the three-year period before the filing of this Complaint, however variously titled, who were deprived of overtime wages, and who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b).</u>

42. For purposes of the FLSA, Plaintiff and those similarly situated were or are non-exempt employees.

43. Plaintiff and those similarly situated did not exercise discretion in their job duties; did not provide administrative support to the company; and did not have managerial responsibilities.

44. The primary job duties performed by Plaintiff and other similarly

situated paralegals, however variously titled, for Defendants did not involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations. The job duties also did not substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operations of Defendants' administration or production operations.

45. Instead, Plaintiff and other similarly situated paralegals, performed clerical and ministerial tasks in Defendants' personal injury law practice subject to a Georgia-bar licensed attorney's oversight and supervision.

46. In the three years prior to the filing of this action, Plaintiff and those similarly situated regularly worked more than forty hours per workweek.

47. At all relevant times, The Foster Firm knew or should have known that its wage and hour practices were illegal. Yet, The Foster Firm continued and continues to violate the FLSA.

48. The net effect of The Foster Firm's unlawful policy and practice is that it enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

## COUNT I
### UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA
*On behalf of Plaintiff and the Putative Opt-ins*
*Against All Defendants*

49. Plaintiff realleges and incorporates by reference the preceding

paragraphs of the Complaint as if they were set forth fully herein.

50. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

51. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

52. At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

53. The Foster Firm had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

54. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

56. Plaintiff suffered damages due to Defendants' willful misconduct.

57. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, seek an order or orders providing the following relief:

(a) Conditional certification of this collective action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b). Such notice should inform the putative opt-ins that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they were deprived of overtime wages, and tolling of the statute of limitations;

(b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

(c) An injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the FLSA;

(d) An award of unpaid overtime wages for all hours over 40 in a workweek;

(e) An award of liquidated damages as a result of Defendants' willful

failure to pay all overtime hours worked under 29 U.S.C. § 216(b);

(f) Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses of this action along with reasonable attorneys' and expert fees, and other costs of litigation; and

(i) Such other and further relief the Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 2nd day of May, 2022.

        **HALL & LAMPROS LLP**

By: *s/ Andrew Lampros*
Georgia Bar No. 432328
alampros@hallandlampros.com
Rachel Berlin Benjamin
rachel@hallandlampros.com
Georgia Bar No. 707419
**HALL & LAMPROS, LLP**
400 Galleria Pkwy Se, Suite 1150
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477

*Attorneys for Plaintiffs*

-12-