**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JUDITH MARCHAN-DAVILA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File |
| | ) | 1:22-cv-1726 TWT |
| v. | ) | |
| | ) | |
| THE FOSTER FIRM, LLC, | ) | |
| KEITH FOSTER, individually ,and | ) | |
| ARNICE HALL FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MOTION FOR CONDITIONAL CERTIFICATION**
**AND STAY OF DISCOVERY**

This is a collective action brought by Plaintiff Judith Marchan-Davila ("Plaintiff") against Defendants The Foster Firm LLC, Keith Foster, and Arnice Hall Foster (collectively, "Defendants") pursuant to the Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff contends that Defendants violated the FLSA when they failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

Pursuant to 29 U.S.C. § 216(b), Plaintiff requests that the Court conditionally certify this case as a collective action and order that Court-approved notice be sent to members of the collective, as defined below. This will allow such persons to

decide whether to join the action. The Parties further request that formal discovery and other applicable deadlines be stayed for 90 days to allow the Parties to pursue resolution regarding the claims of Plaintiff and any individuals who join this action. The Parties respectfully submit a proposed Order (Exhibit A), Notice (Exhibit B), Consent to Join Form (Exhibit C), and Reminder Notice (Exhibit D) for the Court's approval.

The Parties have met and conferred, and have agreed that, in order to preserve resources and in the interests of judicial economy, in lieu of motion practice on the collective certification issue, Defendants will stipulate to conditional certification of the collective action claims as defined below for purposes of issuance of notice.

The Parties have agreed that nothing in this stipulation shall be construed to prejudice Defendants' right to later argue that Plaintiff and any opt-ins are not similarly situated within the meaning of 29 U.S.C. § 216(b) or to waive any arguments by Defendants with respect to whether this case should ultimately proceed as a collective action at trial. Defendants agree to conditional certification only for the purposes of facilitating a prompt and efficient resolution of this matter and do not by agreeing to conditional certification admit that Plaintiff or any opt-ins are similarly situated.

## I.   THE COLLECTIVE DEFINITION

The "Collective" is defined as:

All current and former paralegals of The Foster Firm within the three-year period before [the Notice mailing date] who worked more than 40 hours per week and were not paid overtime wages, and who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b).

This group of persons is referred to as the "Collective" throughout this Joint Motion.

## II.   COLLECTIVE INFORMATION, NOTICE AND THE NOTICE PERIOD

The Parties have agreed as follows: within 21 days of the Court's Order approving conditional certification, Defendants will provide Plaintiff's counsel with a list of all members of the Collective, as well as their last known mailing addresses, email addresses, telephone numbers and any other available contact information, in a computer-readable format. Plaintiff's counsel will, within five (5) business days from the delivery of said information, then send Court-authorized Notice and the Consent to Join Form by email, SMS text, and U.S. Mail to all individuals within the Collective Definition.

Plaintiff's counsel will also post the Notice on the Hall & Lampros' website and Facebook accounts but will not post any information that is not contained in any Notice approved by the Court.

-3-

Starting from the date of the issuance of the Notice, the Notice recipients will have 60 days to file a Consent to Join Form (the "Notice Period") with this Court. Plaintiff's counsel will send a Court-authorized Reminder Notice 30 days from the end of the Notice Period to any individuals who have not completed and returned a Consent to Join Form.

Plaintiff's counsel shall provide notice to Defendants that the Notices and Consent to Join forms have been sent by email, SMS text message and U.S. Mail three (3) business days from the date of transmission and/or mailing.

## III.   DISCOVERY AND RESOLUTION

The Parties intend to engage in resolution discussions regarding Plaintiff and any individuals who join to this action, pursuant to 29 U.S.C. § 216(b). Defendants have agreed to provide relevant employment records for Plaintiff and any individuals who opt into the case, to include their personnel files, daily work log, time records, and payroll records. The Parties intend to continue resolution discussions throughout the Notice Period and hope to reach a resolution to present to the Court for approval following the end of the Notice Period and before the end of the requested stay of discovery.

## IV.    REQUESTED STAY OF FORMAL DISCOVERY

To facilitate the resolution of this matter, prevent the unnecessary expenditure of attorneys' fees and costs, and preserve judicial resources, the Parties have agreed to, and respectfully request that the Court enter, a 90-day stay to allow the Parties to issue the Court-approved Notice and Reminder Notice and then to engage in settlement negotiations regarding Plaintiff and all individuals who join this action. The Parties request that the Court order that, should the Parties not first move for Court approval of a settlement, the Parties submit a report to the Court within 14 days after the conclusion of the stay with a proposed Scheduling Order to complete discovery and motion practice.

## V.    CONCLUSION

The Parties respectfully requests that the Court grant their motion; enter the proposed Order filed herewith as Exhibit A; and approve the Notice (Exhibit B), Consent to Join Form (Exhibit C), and Reminder Notice (Exhibit D).

This 28th day of June, 2022.

| *s/ Thomas C. Woolridge* | *s/ Rachel Berlin Benjamin* |
|---|---|
| Thomas C. Wooldridge | Rachel Berlin Benjamin |
| Ga. Bar 384108 | Georgia Bar No. 707419 |
| Wooldridge and Jezek, LLP | Andrew Lampros |
| 1230 Peachtree Street NE | Georgia Bar No. 432328 |
| Suite 1900 | Hall & Lampros, LLP |
| Atlanta, Georgia 30309 | 400 Galleria Pkwy SE |

| 404.942.3300 | Suite 1150 |
| Wooldridge@wjlawoffice.com | Atlanta, GA 30339 |
| | E: rachel@hallandlampros.com |
| | E: alampros@hallandlampros.com |