IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDITH MARCHAN-DAVILA, <br><br> Plaintiffs, <br> V. <br><br> THE FOSTER FIRM, LLC, KEITH FOSTER, individually, <br> ARNICE FOSTER, individually. | Civil Action No.: <br> 1:22-cv-1726 TWT |

**JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT**

COME NOW Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective undersigned counsel, and hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of this joint motion, the Parties state as follows:

**I.  STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Plaintiffs worked at The Foster Firm as paralegals between 2019 and 2022. Plaintiffs brought this action against Defendants to recover alleged unpaid overtime pay and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant denied Plaintiffs' claims and asserted at all times

1

relevant to this litigation that Plaintiffs were in a position that was exempt from overtime pay under the FLSA. The Parties agreed to settle the case and now request this Court's entry of a stipulated judgment approving the settlement agreement.

### A. Pleadings

Plaintiffs filed a Complaint against Defendant alleging violations of the FLSA and seeking recovery for alleged unpaid overtime compensation, liquidated damages, and attorney's fees and costs on or about May 3, 2022. (Doc. 1). Defendant answered Plaintiffs' complaint, alleging numerous affirmative defenses, including but not limited to asserting that Plaintiffs were exempt from the FLSA's overtime pay requirements. (Doc. 5)

### B. Discovery

The Parties submitted their Joint Report and Discovery Plan (Doc. 8) and exchanged initial disclosures (Docs. 9 and 10) in June 2022. Plaintiffs submitted written discovery requests. There were no discovery disputes and all discovery issues were resolved amicably. There were no depositions taken in this case and discovery is set to close in early 2023. The parties agreed to mediate this case in an effort to reach a settlement prior to incurring significant expenses in discovery.

### C. Settlement

On December 7, 2022 the parties engaged in a mediation with Lee Parks that resulted in a settlement. The proposed Settlement Agreement and Release (the "Agreement") is attached hereto as Exhibit A. Plaintiffs agree to settle this case in exchange for the following payments:

- Judith Marchan-Davila: $14,000.00
- Vecky Flores: $8,500.00
- Paris Whitehead: $2,750.00
- Ashley Phommavongsay: $2,750.00
- Victoria Frazier: $1,000.00

Defendants also agreed to pay the Plaintiff's attorney fees and expenses of $15,750.00 and mediation costs of $4,175.00.

The Parties expressly agreed to jointly submit the Agreement to this Honorable Court requesting the Court's approval of settlement.

## II. ARGUMENT AND CITATION OF AUTHORITY

In order to be an enforceable settlement, the District Court must enter a stipulated judgment approving the settlement. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013). The court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant

to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement in an FLSA suit reflects a "reasonable compromise," the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*. at 1354.

Here, the parties negotiated an agreement that paid both Plaintiffs the actual amount of overtime wages they would have been paid had they not been classified as exempt from overtime payment by Defendant going back for a period of two years from the date they filed their lawsuit. The amount was liquidated, doubling the amount actually owed. This number was calculated using the hours the Plaintiffs claimed they worked. Plaintiffs' attorneys agreed to accept a sum less than their actual attorney fees in this action by the Defendant and did not take any percentage of the Plaintiffs' recovery under the FLSA. Because Defendants agreed to make Plaintiffs whole and pay attorney's fees and expenses, the settlement between the parties is a "fair and reasonable" resolution that seeks to end this case and avoid the cost and expense related to trial.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request this Court enter the Order attached hereto as Exhibit B approving the Agreement attached hereto as Exhibit A.

This 27th day of December, 2022.

Respectfully submitted,

| | |
|---|---|
| *s/ Rachel Berlin Benjamin* | *s/ Thomas C. Woolridge* |
| Rachel Berlin Benjamin | Thomas C. Wooldridge |
| Georgia Bar No. 707419 | Ga. Bar 384108 |
| Andrew Lampros | Wooldridge and Jezek, LLP |
| Georgia Bar No. 432328 | 1230 Peachtree Street NE |
| 300 Galleria Pkwy SE, Suite 300 | Suite 1900 |
| Atlanta, GA 30339 | Atlanta, Georgia 30309 |
| Tel.: (404) 876-8100 | 404.942.3300 |
| Fax: (404) 876-3477 | Wooldridge@wjlawoffice.com |
| rachel@hallandlampros.com | |
| alampros@hallandlampros.com | |
| | |
| Counsel for Plaintiffs | Counsel for Defendants |